# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN PATRICK ARTHUR,<br><br>　　　　Defendant. | No.  1:08-CR-00058-JLT<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 28 U.S.C. § 3582(c)(1)(A)<br><br>(Docs. 94, 98) |

Steven Patrick Arthur is a federal prisoner moving for compassionate release under 28 U.S.C. § 3582(c)(1)(A).[1] (Doc. 94.) Arthur argues that "he is currently punished multiple times for the same substantive crime of conviction." (*Id.*) Due to a calendaring error (*see* Doc. 99 at 1 n. 1), the Government neglected to timely oppose Arthur's motion. Arthur once again moved for compassionate release and asked the Court to grant his motion based on the Government's failure to respond. (Doc. 98.) The Government filed an opposition on February 1, 2023. (Doc. 99.) Arthur did not file a reply. For the reasons explained below, the motion is **DENIED**.

---

[1] Defendant filed his initial motion on October 11, 2022. Shortly thereafter, the Court referred the matter to the Federal Defender's Office pursuant to General Order No. 595. (*See* Doc. 95.) That office filed a notice indicating that it would decline to supplement the motion. (Doc. 96.) In response to that notice, defendant filed a letter addressing several issues. (Doc. 97.) Therein, he suggests that at the time of his sentencing he did not understand that he was agreeing to a life sentence. (*Id.*) Such an argument is not cognizable in the context of a motion brought pursuant to 18 U.S.C. § 3582. *United States v. Carlos-Tofolla*, No. 1:17-CR-00343-DCN, 2023 WL 3484163, at *2 (D. Idaho May 16, 2023) (where a collateral attack may be cognizable under 28 U.S.C. § 2255, it "cannot properly be framed as a motion for compassionate release under § 3582(c)(1)").

1

# BACKGROUND

Arthur pleaded guilty to four counts of production of material involving the sexual exploitation of minors aiding and abetting in violation of 18 U.S.C. § 2251(b) and 18 U.S.C. § 2251(2) (Doc. 44.)  Arthur is currently incarcerated at USP Tucson, where he has served approximately 13 years of his sentence.  (*Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Sept. 18, 2023).)  Arthur is serving life in prison and does not have a projected release date.  (*Id.*)

On October 11, 2022, Arthur moved for compassionate release because his 1) his crimes were committed close in time to one another, 2) other courts outside of this circuit have sentenced defendants convicted of "similar" crimes to less time, 3) while traumatized, "none [of his victims] were physically injured," 4) he was not psychologically evaluated at the time of his sentencing, 5) he had no prior criminal history, 6) he will have spent a significant portion of his life in prison, 7) his mother was diagnosed with cancer and may need care, 8) he has an "exemplary prison record" and has made rehabilitation efforts, and 9) he chose to take a plea deal rather than "creating unnecessary work for the courts."

# LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.").  Those limited circumstances include compassionate release in extraordinary cases.  *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020).  Under the First Step Act of 2018 ("the FSA"), imprisoned defendants may bring their own motions for compassionate release in the district court.  18 U.S.C. § 3582(c)(1)(A) (2018).  A defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

First, defendants petitioning for compassionate release must exhaust administrative remedies.  Once they do so, courts consider whether "extraordinary and compelling reasons

warrant" the requested reduction. 18 U.S.C. § 3582(c)(1)(A) (2018). Then, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id*.

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. In 2006, the Sentencing Commission issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2018). This court refers to the Sentencing Commission's policy statement for guidance. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) ("The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding"). The relevant policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction:

> (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment;[2]
>
> (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment;[3]
>
> (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or
>
> (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling.

*United States v. Allen*, No. 17-0229, 2019 WL 6529113, at *2 (E.D. Wash. Dec. 4, 2019) (citing U.S.S.G. § 1B1.13 cmt. 1).

## ANALYSIS

**A.    Administrative Exhaustion**

Arthur submitted a request for compassionate release to USP Tucson's Warden on

---

[2] Arthur states that he will "not bring medical Conditions as consideration for relief," therefore Court will not consider any medical issues. (Doc. 94 at 13.)

[3] This category does not apply to Arthur because he is not 65 years of age or older.

3

August 27, 2022.  (Doc. 94 at 60.)  The Warden denied the request on September 21, 2022, thus exhausting Arthur's administrative remedies.  (Doc. 94 at 61.)  The government concedes that Arthur has exhausted his administrative remedies.  (Doc. 99 at 4:14-18.).  The Court will therefore address the merits of Arthur's motion.

**B.       Extraordinary and Compelling Reasons**

Most of Arthur's arguments are irrelevant to the instant motion, where he must show that there are extraordinary or compelling reasons for the court to grant his release.  For instance, Arthur states that he will have spent a significant portion of his life in prison.  This is not an extraordinary or compelling reason to reduce his sentence.  Neither is his choice to enter into a plea agreement rather than "creating unnecessary work for the courts."  Arthur also cites to his "exemplary prison record" and states that he has made rehabilitation efforts.  Rehabilitation efforts alone do not constitute extraordinary of compelling reasons to grant Arthur's motion. *See United States v. Washington*, 2019 WL 6220984 (E.D. Ky. Nov. 21, 2019) (the defendant's claim that he "has an ideal prison record and is the prototype of a successfully rehabilitated individual" does not present an extraordinary circumstance).

Of particular note is Arthur's claim that "none [of his victims] were physically injured." (*See* Doc. 94 at 10-11.)  To the contrary, the record demonstrates that defendant penetrated the child victims.  (*See generally* Presentence Report (sealed).)

Arthur also argues that he was not psychologically evaluated at the time of his sentence and "would likely have been found to be low risk for recidivism." (Doc. 94 at 11.) The Court will not consider a hypothetical, as it is incapable of proving extraordinary or compelling reasons why Defendant's sentence should be reduced.

Arthur argues that his crimes were committed close in time to one another and should therefore count as one crime.  (Doc. 94 at 9-10.)  He asserts that his sentence is incompatible with the double jeopardy clause and cites to *United States v. Chilaca,* 909 F.3d 289 (9th Cir. 2018) for this proposition. However, *Chilaca* holds that "[a]n indictment is not multiplicitous merely because it charges more than one violation of the same statute." *Id*. at 291. Arthur was sentenced to four counts of production of material involving the sexual exploitation of minors

1  aiding and abetting in violation of 18 U.S.C. § 2251(b) and 18 U.S.C. § 2251(2) because he
2  sexually abused four different children. This is not a violation of double jeopardy because there
3  are four different crimes and four different victims, even if his crimes all occurred close in time.

4      Arthur argues that other courts have handed down lesser sentences to others who were
5  convicted of similar crimes. (*See generally* Doc. 94 at 9-16.) However, Arthur does not cite any
6  reason, case law, or changes in the sentencing guidelines that would make his sentence
7  inappropriate. Each of Arthur's crimes have a base offense level of 32, with the specific details
8  of his offenses adding 14 levels, for an offense level of 46.[4] (Presentence Report (sealed) at
9  ¶¶ 63-102.) Because Arthur faced multiple counts, his offense level was increased by four levels
10 to level 50. (*Id.* at ¶¶ 103-108.) The offense level was then decreased by three levels because
11 Arthur accepted responsibility for his actions. (*Id.* at ¶¶113-114.) This makes Arthur's total
12 offense level 47. (*Id.* at ¶ 114.) Due to his limited criminal history prior to his conviction, Arthur
13 was placed in a criminal history category of I. (*Id*. at ¶ 117.) The sentencing guidelines
14 recommend life in prison for anyone in category I with an offense level of 43 or above.
15 (U.S.S.G §5(A) (2010).) Because Arthur's offense level exceeds 43, his sentence was
16 appropriate. In fact, even if Arthur had been convicted of a single count and then accepted
17 responsibility, that would put his offense level at 43, which would still make life in prison an
18 appropriate sentence. Therefore, Arthur has not shown that there are extraordinary and
19 compelling reasons, or any other justification, for his release.

20     Arthur argues that his sentence should be reduced because he had no prior criminal
21 history. (Doc. 94 at 11.) As discussed above, the Court considered this information during
22 sentencing, and it is neither an extraordinary or compelling reason to reduce Arthur's sentence.

23     Finally, Arthur argues that his mother was diagnosed with cancer and may need care. (*Id*.

---

[4] Pursuant to USSG 2G2.1(b)(1), Arthur's offense level was increased by four levels because his victim was under 12 years of age. (Presentence Report (sealed) at ¶¶ 63-102.) Pursuant to USSG 2G2.1(b)(2)(B)(i) and (ii), Arthur's offense level was increased by four levels because his crime involved a sexual act and conduct described in 18 USC 2241 (a) or (b). (Presentence Report (sealed) at ¶¶ 63-102.) Pursuant to USSG 2G1.1(b)(4), Arthur's offense level was increased by 4 because his offense involved sadistic or masochistic conduct or a depiction of violence. (Presentence Report (sealed) at ¶¶ 63-102.) Pursuant to USSG 2G2.1(b)(5), Arthur's offense level was increased by 2 levels because his victim was in his care. (Presentence Report (sealed) at ¶¶ 63-102.) Because Arthur committed the same offense four times, he has four offenses at level 46, nonetheless, this does not multiply his offense level by four, and instead increases it by four levels to offense level 50. (Presentence Report (sealed) at ¶¶ 63-102.)

at 14.) This has the potential to fall under the third prong articulated in *Allen*. Though the Court is sympathetic to his mother's illness, Arthur has not alleged that his mother needs *any* care, let alone care that only he can provide. Instead, Arthur merely states that "it is likely [his mother] will soon require 24 hour care." (*Id.*) Therefore, Arthur has not shown that his mother's illness merits his early release.[5]

## C.     Consistency with the § 3553(a) Factors

Because the Court concludes that Arthur's request is not supported by "extraordinary and compelling" reasons, the Court need not reach the § 3553(a) sentencing factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step").

## CONCLUSION

For the reasons discussed above, Defendant Arthur's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 24), is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 22, 2023**

UNITED STATES DISTRICT JUDGE

---

[5] Moreover, due to Arthur's failure to fully appreciate the extent and gravity of his criminal acts—more than a decade after his conviction—the Court has serious concerns about the danger he poses to the community if released.